**Paul F. MAX, Appellant,**

v.

**John J. REIDLER, Respondent.**

No. 38359.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 25, 1977.

Sommers & Holloran, Inc., Don B. Sommers, St. Louis, for appellant.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, J. C. Jaeckel, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Intersection collision. Defendant got the verdict and plaintiff appeals, contending there was no evidentiary support for the contributory negligence instruction on plaintiff's failure to keep a careful lookout. MAI 32.01–17.05. The issue is whether plaintiff's tentative glance at defendant's approaching vehicle fulfilled plaintiff's continuous duty to keep a careful lookout. We say no.

The collision occurred on a dark, wet day at an uncontrolled intersection. Plaintiff was driving west and defendant driving north, both at 25–30 miles per hour, and neither reduced speed before the collision. As to the critical issue of plaintiff's failure to keep a careful lookout, he testified he was at some unspecified distance back from the intersection when he saw defendant's approaching car "out of the corner of my eye on the left . . . I thought he was far enough away that he would swing in behind me or something." But plaintiff neither looked again nor changed his speed thereafter.

Reference to the host of cases annotated at 4A Mo.Dig., Automobiles, Lookout, shows that a motorist's duty to keep a lookout is continuous.

*Wells v. Wachtelborn*, 410 S.W.2d 558, 560[15] (Mo.App.1966), is an appropriate example. There, as here, plaintiff knew defendant's car was approaching the intersection but "did not once look to estimate the speed of the approaching car or its distance from the intersection. Instead he drove his car on a collision course when a glance . . . would have alerted him to the hazards of the situation in time to have avoided it . . . His conduct was one of complete indifference to apparent danger and constituted negligence as a matter of law."

The court did not err in submitting the issue of plaintiff's contributory negligence to the jury.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.